MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| PABLO ANGAMARCA, JESUS VELASQUEZ, MANUEL ANGAMARCA, ANTONIO SANTOS, CARLOS AUGUSTO, ROBERTO LOMA, and DAVID QUIRIRO, individually and on behalf of others similarly situated, | 07 CV 4759 (LLS)(FM) <br><br> **COMPLAINT** |
| *Plaintiffs*, | **FLSA Collective Action** |
| -against- | **ECF Case** |
| MAC-WAR RESTAURANT CORP. d/b/a HAKATA JAPANESE RESTAURANT and ALLAN WARTSKI, | |
| *Defendants*. | |

-----------------------------------------------------------------X

Plaintiffs Pablo Angamarca, Jesus Velasquez, Manuel Angamarca, Antonio Santos, Carlos Augusto, Roberto Loma and David Quiriro, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

## NATURE OF THE ACTION

1.  Plaintiffs are former employees of Mac-War Restaurant Corporation d/b/a Hakata Japanese Restaurant ("Hakata").

2.  Mac-War Restaurant Corporation, by and through its owner, operates a restaurant named Hakata Japanese Restaurant. Hakata is owned and operated by individual Allan Wartski ("Defendant Wartski").

3.   For at least six years prior to the filing of this action – the statute of limitations under the New York State Labor Law – continuing to the present, Defendants have maintained a policy and practice of unlawfully appropriating part of Plaintiffs' and other delivery employees' tips and made unlawful deductions from Plaintiffs' and other delivery employees' wages.

4.   Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions and recover damages, including but not limited to, unpaid minimum wages, unpaid tips, liquidated damages, interest, attorneys fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.* ("NYLL"), and N.Y. Labor Law § 196-d.

5.   Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7.   Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), as the location of Hakata is in the Southern District of New York, Plaintiffs were employed in the Southern District, and all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District.

## THE PARTIES

*Plaintiffs*

8. Plaintiff Pablo Angamarca ("Plaintiff Angamarca") is an adult individual residing in New York City, Kings County. Plaintiff Angamarca was employed by the Defendants as a delivery boy from approximately February 2004 through approximately February 2006.

9. Plaintiff Jesus Velasquez ("Plaintiff Velasquez") is an adult individual residing in New York City, New York County. Plaintiff Velasquez was employed by the Defendants as a delivery boy from approximately July 2005 through approximately February 2006.

10. Plaintiff Manuel Angamarca ("Plaintiff Manuel") is an adult individual residing in New York City, Kings County. Plaintiff Manuel was employed by the Defendants as a delivery boy from approximately November 2006 through approximately February 2007.

11. Plaintiff Antonio Santos ("Plaintiff Santos") is an adult individual residing in New York City, Queens County. Plaintiff Santos was employed by the Defendants as a delivery boy from approximately February 2006 through approximately February 2007.

12. Plaintiff Carlos Augusto ("Plaintiff Augusto") is an adult individual residing in New York City, New York County. Plaintiff Augusto was employed by the Defendants as a delivery boy from approximately June 2005 through approximately March 2007.

13. Plaintiff Roberto Loma ("Plaintiff Loma") is an adult individual residing in New York City, Queens County. Plaintiff Loma has been employed by the Defendants as a delivery boy from approximately February 2005 through the present.

14. Plaintiff David Quiriro ("Plaintiff Quiriro") is an adult individual residing in New York City, New York County. Plaintiff Quiriro was employed by the Defendants as a delivery boy from approximately May 2006 through approximately February 2007.

*Defendants*

15.     Upon information and belief, Mac-War Restaurant Corp. d/b/a Hakata Japanese Restaurant is a domestic corporation organized and existing under the laws of the State of New York. It maintains its corporate headquarters at 226 W. 47th Street, New York, New York 10036, and operates its restaurant at 230 W. 48th Street, New York, New York, 10036.

16.     Upon information and belief, Defendant Wartski is an individual engaged in business in New York City. Defendant Wartski is sued individually and in his capacity as an owner, officer and/or agent of Hakata. At all times relevant, Defendant Wartski was responsible for the payroll and the tip-pooling scheme at Hakata.

*Defendants' Organizational Structure*

17.     Upon information and belief, Defendant Wartski is the owner and/or executive director of Mac-War Restaurant Corp. d/b/a Hakata Japanese Restaurant. Hakata was created by Defendant Wartski as a Japanese Restaurant offering items such as sushi rolls, noodles, tempera, and teriyaki chicken. Mac-War Restaurant Corp. also has another business location in New York state that specializes solely in food delivery and catering.

18.     At all relevant times, Defendant Wartski employed and/or jointly employed the Plaintiffs.

19.     The gross annual volume of sales made or business done by Hakata, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

20.     At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire

Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## COLLECTIVE-WIDE ALLEGATIONS

21.     Plaintiffs have been victims of Defendants' common policy and practices that violate their rights under the FLSA and the Labor Law by *inter alia*, willfully denying them tips that they earned.

22.     Plaintiffs were employees who, during their employment at Hakata, fell into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and were required by Defendants to participate in a tip-pooling scheme at Hakata. 29 U.S.C. § 203(t).

23.     Defendants have established and imposed a tip-pooling scheme upon its delivery boys, requiring them to give 30% of their daily tips with employees who are ineligible for tip distribution because they hold positions that do not customarily and regularly receive tips in the course of employment.

24.     A part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.  This policy and pattern or practice includes, *inter alia*, the following:

   a.     depriving delivery boys of tips they earned during the course of their employment;

   b.     improperly taking a "tip credit" for its delivery boys;
          and

   c. redistributing portions of the tips earned by its delivery boys to employees not entitled to tips under the FLSA and the NYLL.

 25. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

 26. Defendants' unlawful conduct has been intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery boys.

## THE TIP POOL AT HAKATA

 27. Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

 28. At no time did Defendants inform Plaintiffs that it had reduced their hourly wage by a tip allowance.

 29. Defendants and their agents appropriated tips for persons not eligible for tip sharing, effectively paying the wages of non-tipped employees from the delivery boy tips, thereby preventing delivery boys from retaining tips in violation of the FLSA and the NYLL.

 30. At Hakata, individuals who do not fall within the category of "tipped employees" unlawfully receive an equal share of the tips pooled by the delivery boys. The employees who should not be participating in the tip pool include:

   a. <u>Cashiers</u>:  The cashier is responsible for taking incoming calls at Hakata, which include but are not limited to, phone calls placing food orders for delivery.  In addition,

cashiers also take payments when customers pick up their orders or when servers close out a check for customers dining in the restaurant. The cashier does not serve customers or leave their station during shifts.

    b.  <u>Food Packers</u>: The food packers receive food orders from the kitchen and prepare it for subsequent delivery. Food packers stay in their station during their shift, away from customers' view, and do not interact with customers at anytime.

  31.  The employees described in paragraph 24 do not wait on tables and they are not the recipients of customers' tips.

  32.  Because Defendants established an illegal tip-pooling scheme at Hakata, they were not entitled to reduce the minimum wages of Plaintiffs and the other delivery boys employed at Hakata by applying the tip credit allowance that is available under the FLSA and the NYLL.

  33.  Defendants' improper application of the tip credit deprived Plaintiffs and other delivery boys employed at Hakata of their statutory minimum wage under the FLSA and the NYLL.

## COLLECTIVE ACTION CLAIMS

  34.  On information and belief, there are over 25 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and tips earned while working for Defendants.

  35.  The Named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action.

  36.  Similarly situated former and current employees are readily identifiable and

locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

### FIRST CAUSE OF ACTION
**Violation of the FLSA for Unpaid Minimum Wage Provisions**

37.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

38.  At all relevant times, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

39.  At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

40.  Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

41.  Defendants were required to pay directly to Plaintiffs the applicable federal minimum wage rate.

42.  Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because *inter alia*:

   a.  Defendants were required and failed to inform Plaintiffs of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m); and

   b. Defendants unlawfully redistributed portions of the tips received by Plaintiffs to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

43. Defendants failed to pay Plaintiffs the minimum wages to which they are entitled to under the FLSA. 29 U.S.C. § 206.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

45. As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

46. Defendants intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

47. Plaintiff has been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### Violation of the New York Labor Law for Unpaid Minimum Wage

48. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

49. Defendants were not allowed to avail themselves of the NYLL tipped minimum wage because, *inter alia*, Defendants did not permit Plaintiffs to retain the entirety of their tips.

50. Defendants failed to pay Plaintiffs the minimum wages to which they are entitled

under the NYLL.

51. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs minimum hourly wages.

52. As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover their unpaid wages, reasonable attorney's fees and costs of the action, and the pre-judgment and post-judgment interest.

53. Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**Violation of the New York Labor Law for Unlawful Deductions**

54. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

55. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

56. New York State Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

57. Defendants unlawfully redistributed tips from their delivery boys waiters with cashiers and food packers, both non-tipped employees.

58. Defendants' knowing and intentional demand and retention of a portion of the delivery boys' tips were willful violations of the NYLL and supporting Department of Labor Regulations.

59. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled

to recover from Defendants their unpaid wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

60.     Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs on behalf of themselves and other similarly situated individuals, respectfully request that this Court enter judgment against Defendants:

      A.     Designate this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

      B.     Declare that Defendants have violated the tip pool provisions of the FLSA and the NYLL;

      C.     Declare that Defendants' violations of the FLSA were willful;

      D.     Disgorge from the Defendants and order that the Defendants remit back the amount of the tip credit deducted from the wages of the Plaintiffs;

      E.     Award Plaintiffs damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wage as actually paid the Plaintiffs for the hours they worked;

      F.     Award Plaintiffs damages for unpaid wages and tips that were unlawfully diverted to non-delivery boys at Hakata;

      G.     Award Plaintiffs liquidated damages in an amount equal to twice the total amount of the wages found to be due under FLSA and NYLL;

H.      If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

I.      Award Plaintiffs reasonable attorneys fees' and costs pursuant to the FLSA and the NYLL.


Dated:  New York, New York
        June 1, 2007

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                        By: _____/s/_____
                                            Michael Faillace [MF-8436]
                                            110 East 59th Street, 32nd Floor
                                            New York, New York 10022
                                            (212) 317-1200
                                            *Attorneys for Plaintiffs*