DEALY & SILBERSTEIN, LLP
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Defendants Mac-War Restaurant*
*Corp. d/b/a Hakata Japanese Restaurant*
*and Allan Wartski*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PABLO ANGAMARCA, JESUS VELASQUEZ,
MANUEL ANGAMARCA, ANTONIO SANTOS,
CARLOS AUGUSTO, ROBERTO LOMA, and
DAVID QUIRIRO, individually and on behalf of
others similarly situated,                                                 07 CV 4759 (LLS)(FM)

                Plaintiffs,                                                   ECF ACTION

    -against-                                                                **ANSWER AND**
                                                                                 **AFFIRMATIVE DEFENSES**
MAC-WAR RESTAURANT CORP. d/b/a
HAKATA JAPANESE RESTAURANT and
ALLAN WARTSKI,

                Defendants.
-----------------------------------------------------------X

        Defendants MAC-WAR RESTAURANT CORP. d/b/a HAKATA JAPANESE

RESTAURANT and ALLAN WARTSKI, by their attorneys, Dealy & Silberstein, LLP, answer

the Complaint of Plaintiffs as follows:

### AS TO NATURE OF ACTION

    1.      Deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiffs Antonio Santos, Carlos Augusto and Roberto Loma were formerly employed by Mac-War Rest. Corp. d/b/a Hakata Grill ("Hakata").

    2.      Deny the allegations contained in paragraph 2 of the Complaint, except admit that Mac-War Rest. Corp. operates Hakata and that Defendant Allan Wartski is the

Chief Executive Officer of Mac-War. Rest. Corp.

3. Deny the allegations contained in paragraph 3 of the Complaint.

4. There is no allegation of fact in paragraph 4 of the Complaint which would require a response, and Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations set forth in paragraph 4.

5. There is no allegation of fact in paragraph 5 of the Complaint which would require a response, and Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations set forth in paragraph 5.

## AS TO JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 6, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as set forth in this paragraph.

7. Paragraph 7 of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 7, except admit that Hakata is located in the Southern District of New York.

## AS TO THE PARTIES

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint, except deny that

Plaintiff Pablo Angamarca was employed by Defendants and specifically aver that no individual named "Pablo Angamarca" has ever been employed by Mac-War Rest. Corp.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint, except deny that Plaintiff Jesus Velasquez was employed by Defendants and specifically aver that no individual named "Jesus Velasquez" has ever been employed by Mac-War Rest. Corp.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint, except deny that Plaintiff Manuel Angamarca was employed by Defendants and specifically aver that no individual named "Manuel Angamarca" has ever been employed by Mac-War Rest. Corp.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint, except admit that Plaintiff Antonio Santos was formerly employed by Mac-War Rest. Corp.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint, except admit that Plaintiff Carlos Augusto was formerly employed by Mac-War Rest. Corp.

13. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint, except admit that Plaintiff Roberto Loma was formerly employed by Mac-War Rest. Corp.

14. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint, except deny that Plaintiff David Quiriro was employed by Defendants and specifically aver that no individual named "David Quiriro" has ever been employed by Mac-War Rest. Corp.

## AS TO DEFENDANTS

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that Mac-War Rest. Corp. is a domestic corporation organized and existing under the laws of the State of New York, and maintains a restaurant named Hakata Grill located at 230 W. 48th Street, New York, New York.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that Defendant Wartski is engaged in business in New York City, and Defendants respectfully refer all questions of law to the Court.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that Defendant Wartski is the Chief Executive Officer of Mac-War. Rest. Corp.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint, except admit that some of the Plaintiffs were previously employed by Mac-War Rest. Corp.

## AS TO COLLECTIVE-WIDE ALLEGATIONS

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admit

that some of the Plaintiffs were previously employed by Mac-War Rest. Corp. and fell into the category of "tipped employees".

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

## AS TO THE TIP POOL AT HAKATA

27. There is no allegation of fact in paragraph 27 of the Complaint which would require a response, and Defendants respectfully refer all questions of law to the Court.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

## AS TO COLLECTIVE ACTION CLAIMS

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. There is no allegation of fact in paragraph 36 of the Complaint which would require a response, and Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations set

forth in paragraph 36.

## AS TO FIRST CAUSE OF ACTION

37. In response to paragraph 37 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 36 above.

38. Deny the allegations contained in paragraph 38 of the Complaint, and respectfully refer all questions of law to the Court.

39. Deny the allegations contained in paragraph 39 of the Complaint, except admit that Mac-War Rest. Corp. operates Hakata, and respectfully refer all questions of law to the Court.

40. Deny the allegations contained in paragraph 40 of the Complaint, and respectfully refer all questions of law to the Court.

41. Deny the allegations contained in paragraph 41 of the Complaint, and respectfully refer all questions of law to the Court.

42. Deny the allegations contained in paragraph 42 of the Complaint, and respectfully refer all questions of law to the Court.

43. Deny the allegations contained in paragraph 43 of the Complaint, and respectfully refer all questions of law to the Court.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

## AS TO SECOND CAUSE OF ACTION

48. In response to paragraph 48 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 47 above.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

## AS TO THIRD CAUSE OF ACTION

54. In response to paragraph 54 of the Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 53 above.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. There is no allegation of fact in paragraph 56 of the Complaint which would require a response, and Defendants respectfully refer all questions of law to the Court. To the extent a response is required, Defendants deny the allegations set forth in paragraph 56.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint, and respectfully refer all questions of law to the Court.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

## AS TO PRAYER FOR RELIEF

61. Deny that Plaintiffs are entitled to any of the relief requested in the "WHEREFOR" section of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

2. None of the Plaintiffs were ever employed by any entity named "Mac-War Restaurant Corp."

3. Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

4. Plaintiffs's claims are barred, in whole or in part, by the doctrine of laches, estoppel and waiver.

5. Mac-War Rest. Corp. has at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with the FLSA.

6. Defendant Allan Wartski has never employed or jointly employed any of the Plaintiffs.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiffs are not entitled to liquidated damages under New York State law as this action is a multi-Plaintiff action.

9. Defendants reserve the right to amend their Answer to raise additional affirmative defenses or pursue any available counterclaims against Plaintiffs or any putative

class member who joins in this action as those claims become known during this litigation.

**WHEREFORE**, Defendants Mac-War Restaurant Corp. and Allan Wartski respectfully request the following:

1. That the Court dismiss the Complaint in these proceedings, with prejudice;

2. That the Court grant Defendants their fees and expenses, including reasonable attorney's fees; and

3. That the Court grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 22, 2007

> Yours, etc.
>
> DEALY & SILBERSTEIN, LLP
>
> By: _____
> Milo Silberstein (MS 4637)
> *Attorneys for Defendants Mac-War Restaurant Corp. and Allan Wartski*
> 225 Broadway, Suite 1405
> New York, New York 10007
> (212) 385-0066

TO: Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200